Bland, Chancellor.
It is not alleged, nor is it shewn, that there has been any design to baffle the proceedings of the court, or to obtain any undue advantage by this bidder. He seems to have had a fair intention to purchase, but has either been *51 disappointed in Ms means, or has not had the ability to make the purchase, which he had calculated upon.(a) I shall not, therefore, order the estate to be resold at his risk, or charge him with interest on the amount of the purchase money as a penalty for the disappointment he has occasioned. Yet, as he has, by this abortive attempt to purchase, put the case to much expense, it is but just, that he alone should be charged with it.
Whereupon it is ordered, that the sale made to Lewis Reynolds, as reported by the trustee, be set aside; that the trustee proceed, without delay, to resell the estate as directed by the decree; that all the costs and expenses of this sale be paid by Lewis Reynolds; and that the auditor, in stating an account making a distribution of the proceeds of sale, deduct the same from the amount to which Lewis Reynolds may appear to be entitled.

 Hodder v. Ruffin, 1 Ves. & B. 544.